NELSON, Respondent, vs. DAVISON, imp., Appellant.

*February 18—March 11, 1913.*

*Bills and notes: Application of payments: Agreement: Burden of proof.*

1. In general, where a debtor makes no specific application of a payment to a creditor who has several money demands against him, such creditor may apply it upon whichever of the demands he sees fit.
2. Where two notes made at the same time had both matured at the time a payment was made, the payee was not bound, in the absence of any direction by the maker or of any agreement, to apply such payment on the note which first became due; and the burden of showing an agreement on that subject was upon the party asserting it.

APPEAL from a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action to recover, on an $800 promissory note, of M. Zimmerman and D. Zimmerman, husband and wife, as makers, and *C. M. Davison,* August Matzke, and John Mueller as in-

dorsers. The note was dated November 18, 1907, and was made payable thirty days after date. M. Zimmerman answered that his wife did not execute the paper or authorize him to execute it in her behalf,—that the contract was wholly his own. He also answered that he was induced to give the paper for part of the purchase price for corporate stock, bought of plaintiff, relying upon his false and fraudulent representations as to the value thereof; that plaintiff represented the stock to be worth more than par, while in fact it was worthless, the corporation being hopelessly insolvent at the time of the transaction; that the whole purchase price was $4,000; $200 in cash and the balance in notes, of which that in suit is one; that before he discovered the fraud he had paid to plaintiff $1,500, which ought to have been applied upon the particular note, so far as necessary to discharge it.

*C. M. Davison* answered to the effect that he indorsed the paper for accommodation only, and pursuant to an agreement that the first money paid by the makers should be applied thereon; that more than enough was so paid to fully discharge it, but instead of being so used plaintiff applied the same on the other note given for the stock. He further answered that the indorsement was made pursuant to an agreement that the note should only be used at the Glidden State Bank and be canceled with the first sufficient money paid by M. Zimmerman.

The jury found that no false representations were made to M. Zimmerman as to the value of the corporate stock; that he had ample opportunity to inform himself in respect to the matter and did not rely on any statements made by plaintiff in buying the stock; that no agreement was made as to applying the first money he paid on the note, or as to the indorsement being made solely to enable plaintiff to use the note at the Glidden State Bank.

Judgment was rendered against M. Zimmerman and *C. M. Davison.*

For the appellant there was a brief by *W. S. Cate,* attorney, and *Kroncke, Sauthoff & Murphy,* of counsel, and oral argument by *George Kroncke.*

*W. Stanley Smith,* for the respondent.

MARSHALL, J.   It is considered that there is an absence of any prejudicial error disclosed by the record in respect to the character of the questions submitted.   The suggestion of appellant's counsel on that branch of the case will be passed without further notice.

Complaint is made because the court instructed the jury that it was incumbent on the party holding the affirmative as to an agreement having been made to apply the first payments on the note in suit to establish the same by a preponderance of evidence.   The idea, advanced, is that it was respondent's duty, in any event, to so apply the money because the particular note was the first which came due.

Counsel is mistaken.   So far as appears from the evidence no application of the money was made by Zimmerman at the time of making the payments.   The second note was due so there was no preference of one over the other.   There is no room in the mere circumstance of payments having been made, for an inference of fact or presumption of law or fact that the payor intended, to the knowledge of plaintiff, to make payment on the particular note.   Under the circumstances he was left free to apply the payments as he saw fit.

Counsel cite *Yellow River Imp. Co. v. Arnold,* 46 Wis. 214, 49 N. W. 971, to support his contention.   The payments there were made on a running account and the court said that without directions from the payor such payments should be applied to discharge the indebtedness first incurred. No comment is necessary to show that the stated rule does not apply to this case.   The indebtedness on the note in suit was incurred at the same time as that on the note on which the payments were applied.   The other authorities relied on by

counsel for appellant seem to have as little application to the facts here as the one already referred to.   In general, where money is paid by one person to another, the latter having several money demands against the former, and makes no specific application to any demand in preference to others, the payee may apply the money upon whichever of the demands he sees fit.   *Stone v. Talbot,* 4 Wis. 442; *Jones v. Williams,* 39 Wis. 300; *Northern Nat. Bank v. Lewis,* 78 Wis. 475, 47 N. W. 834; *Johnston v. Northwestern L. S. Ins. Co.* 107 Wis. 337, 83 N. W. 641.

Several other questions are suggested in appellant's brief for consideration; but none of them seem to have sufficient merit to warrant specially treating them in this opinion. The questions submitted to the jury for decision sufficiently cover all the material issues raised by the pleadings to leave no room for prejudicial error in that matter.   There was ample evidence to warrant submitting each of such questions. The law of the case, so far as given to the jury or requested to be given, they had the benefit of in coming to their conclusions.   The verdict called for the judgment complained of.

*By the Court.*—The judgment is affirmed.