ESTATE OF BEYER.

*October 14—November 11, 1924.*

*Executors: Claims against decedents: Formal pleadings: Appeal from interlocutory order of county court.*

1. Although the county court is a court of record, the filing of a claim against the estate of a deceased person is not the commencement of a civil action, and secs. 2644–2687m, Stats., relating to pleadings in courts of record, are not applicable. p. 28.

2. Appeals are statutory, and unless allowed by the law the right does not exist,—the matter not lying in the discretion of the court. p. 29.

3. The county court may very properly, in the interest of an orderly presentation, require formal pleadings, and these may be tested, as to questions of law, by demurrer, motion to dismiss, or other proper procedure. p. 28.

4. Where an issue of law is raised by an objection to a claim filed against the estate of a deceased person, whether or not the claimant was required to file formal pleadings, no appeal lies from an order overruling an objection to a claim as by demurrer, or from any interlocutory order or direction of the county court in respect thereto. p. 30.

APPEAL from an order of the county court of Oconto county: CARLTON MERRILL, Acting Judge. *Dismissed.*

This is an appeal from an order overruling two separate demurrers interposed by the estate of George Beyer, deceased, to the claim of *Frank A. Urwan.* It is the contention of the claimant that George Beyer, in his lifetime, executed five certain promissory notes, signed "Oconto Land Company, George Beyer, Pres." It appears that originally several claims were presented against the estate. The court ordered that formal pleadings be filed, and in response thereto the claimant filed an amended complaint which set out two causes of action. To this amended complaint the administrator demurred. The questions presented by the demurrer to the first cause of action were, first, whether a note signed by a going corporation, where its signature was affixed by the president thereof as agent so designated, is the binding obligation of the president where the latter owned or controlled the assets of the corporation and used the same as a corporate agency to transact his business; the second question presented was, Where an individual organizes a corporation and puts it into control of his own business and no fraudulent purpose of the corporation is shown, will the theory of separate corporate entity be disregarded if such individual controls such cor-

poration, even where the transactions complained of are regular acts of the corporation?

The demurrer to the second cause of action raised the question of whether or not a person can be held liable as an indorser of a note of which he is the maker. The court overruled the demurrers, and from an order overruling the demurrers the executor appeals.

For the appellant there was a brief by *Classon, Whit-comb & Kuzenski* of Oconto, attorneys, and *Edward M. Smart* of Milwaukee, of counsel, and oral argument by *Mr. Smart* and *Mr. Walter F. Kuzenski.*

For the respondent there was a brief by *Classon & O'Kelliher* of Oconto, and oral argument by *V. J. O'Kelliher.*

ROSENBERRY, J. The claimant raises the question as to whether or not the 'order overruling' the demurrer is an appealable order. This is a question not heretofore presented to nor decided by this court and requires a consideration of the nature of the proceeding and a review of applicable statutes.

Sec. 3047, Stats., provides that appeals to the supreme court may be taken from county courts in counties having a population of over 15,000, except in cases where express provision is or may be made by law for an appeal to the circuit court.

By sec. 3069 it is provided that the orders therein described, when made by the court, may be carried by appeal to the supreme court, and among these are orders which sustain or overrule demurrers.

By sec. 4031 it is provided that in counties having a population of over 15,000, in all cases not otherwise provided for, any person aggrieved by any *order, judgment, decree, determination, or denial of the county court* shall have the right to have the same reviewed by writ of error or appeal

from the county court to the supreme court. While the language used in this section is very broad, it is quite clear that the legislature did not intend to give the right of appeal from orders which were not appealable under the provisions of sec. 3069. It is hardly conceivable that the legislature should intend to grant the right to appeal from all orders, many of which are merely directory, made in the course of probate proceedings, and withhold the right to appeal from orders made in the circuit court, often of much greater dignity. This position is further strengthened by reference to the provisions of sec. 4036, that an appeal from the county court, when it is filed and notice thereof given, stays all further proceedings. The legislature could not have intended to stay proceedings on appeals from merely directory orders.

We come now to consider whether or not the law recognizes any such thing as a demurrer to a claim filed against the estate of a deceased person. The matter of the presentment of claims is governed by the provisions of ch. 165, Stats. 1921. By sec. 3838 of that chapter it is made the duty of the county court to receive, examine, and adjust the claims. By other sections the court is also required to fix a time within which claims are to be presented and give notice thereof and requires that claims be filed, and in the event that claims are not filed within the time limited by law they are forever barred. The statute does not require that claims shall be presented in any particular form By sec. 3838*m* it is provided that when a claim is filed against an estate, accompanied by the verified statement of account, the same may be allowed without further proof where no objection is made to it, within the discretion of the court. When claims have been filed they may be objected to by those having an interest, and when so objected to the court is required to examine the same. There are many things which indicate that it is the intention of the legislature that the filing of a claim should not be in the nature of a formal

proceeding, but that, on the contrary, it shall be an informal and summary proceeding. The court is required to disallow a claim barred by the statute of limitations, whether or not it appears by the pleading or otherwise.

By County Court Rule XIV it is provided that the county court or commissioners appointed to adjust claims may require any claim presented to be made more definite and certain in its statement or require a bill of particulars; may require the executor or administrator to file a full, detailed, or itemized statement of any offset and authorize the executor or administrator to file specific objections to the whole or any part of any claim presented, and further provides:

"No claim shall be allowed, whether objected to or not, until the court is, or commissioners are, satisfied that it is a just claim, and the hearing upon any claim may be continued or adjourned, in their discretion, for the production of further evidence."

The whole plan and theory of the statute is that the filing of claims against the estates of deceased persons should be as informal as possible, and while under sec. 4043b provision is made for the trial of issues of fact by jury and the removal thereof in certain cases to the circuit court for trial, there is no such provision made in that section or elsewhere in relation to issues of law.

Sec. 4043c provides:

"In all matters not otherwise provided for, relating to appeals from county courts to the supreme court, and jury trials in county courts, the law and rules of practice relating to circuit courts shall govern and control."

This, however, can have no application to the presentation and allowance of claims.

By sec. 2644 it is provided:

"The forms of pleading in civil actions in courts of record and the rules by which the sufficiency of the pleadings are determined are those prescribed by this chapter."

The county court is a court of record, but the filing of a claim is not the commencement of a civil action, and therefore the provisions of ch. 121, Stats. 1921, relating to pleadings in courts of record, are not applicable to the filing and presentation of claims against the estates of deceased persons.

As has been said by the supreme court of the state of Illinois, the proceedings in the county court for the trial and determination of disputed claims are usually summary and they are neither actions at law nor suits in equity but distinctively statutory and *sui generis*. *Grier v. Cable,* 159 Ill. 29, 42 N. E. 395. And such is the ruling in all jurisdictions where a case has arisen with the exception of Iowa and Indiana, where a different rule is established by statute. See 24 Corp. Jur. 396 *et seq.,* and cases cited; *Wise v. Outtrim* (139 Iowa, 192, 117 N. W. 264) 130 Am. St. Rep. 301, note 311, and cases cited.

No doubt the county court has a wide discretion as to procedural matters in hearings on claims. The county court may very properly, in the interest of an orderly presentation, require formal pleadings to be filed. We see no impropriety in having the pleadings tested where questions of law may be presented by demurrer or motion to dismiss or other proper procedure. That, however, does not give a right to appeal. *Hayner v. Trott,* 46 Kan. 70, 26 Pac. 415.

It is clearly contemplated under the provisions of sec. 4043*b* that the court may order an issue to be framed and that the issue so framed is triable by a jury in a proper case; but this does not change the nature of the proceeding. It is still the presentation and allowance of a claim against an estate. No doubt if, upon an issue of law being raised, the court disallowed the claim, an appeal would lie at the proper time from such an order; but it is clear that the legislature did not intend to permit issues of law to be raised in regard to claims and appeals to be taken from orders made therein as might be done in the circuit court in

actions at law. It would delay the settlement of estates to require claims to partake of the nature of an action at law in every instance and would require the assistance of attorneys skilled in the law to present an ordinary claim. There are no doubt exceptional cases where the allowance of appeals from orders overruling demurrers would be helpful. The present case seems to be such a case, but it cannot be granted in one case and denied in another of the same kind. All that has happened here is that the trial court has expressed the opinion that as a matter of law the facts stated in the amended complaint are sufficient to authorize the reception of evidence. The rights of the estate will be fully protected in the end. The law ought not to be made to meet exceptional and rare cases, but rather to facilitate the presentation and allowance of claims in the vast majority of cases.

It might be argued that where the court has ordered formal pleadings to be filed, the practice obtaining in actions at law and courts of record should apply and that in such cases appeals should be allowed. In that case the right to appeal would be granted not by the statute but in the discretion of the county judge, who might or might not adopt formal procedure as he saw fit. Appeals are statutory, and unless allowed by the law the right does not exist. They are not matters that lie in the discretion of the court.

In *Heber v. Estate of Heber*, 139 Wis. 472, 121 N. W. 328, the questions of practice in the county court were dealt with as if the provisions of ch. 121 were applicable. The question now under consideration, however, was not raised by counsel, and the appeal in that case was from a judgment of the circuit court for Fond du Lac county, to which the matter had been removed for trial by appeal from the county court. It must be borne in mind that what is said here relates only to the presentation and allowance of claims and not to proceedings instituted under the statute in relation to other matters.

In many respects the county courts of this state have very broad jurisdiction both legal and equitable. *Brook v. Chappell,* 34 Wis. 405, 411. But it is considered that the legislature wisely and purposely refrained from incumbering the presentation and allowance of claims by requiring it to be done in a formal manner, and while the rule may bar a proper appeal in some cases, in considering the whole matter, the legislature has no doubt acted wisely.

We therefore conclude that where an issue of law is raised by objection to a claim filed against the estate of a deceased person, whether or not the claimant has been required to file a formal claim, no right of appeal exists where the objection to the claim is overruled or from any interlocutory order or direction made by the county court in respect thereto, and that an appeal lies only from the final allowance or disallowance of the claim. The court, therefore, in this case obtained no jurisdiction by appeal from the order overruling the demurrer.

*By the Court.*—Appeal dismissed.