ESTATE OF HARTER: HARTER, Administrator, Appellant, vs. BRIGUM and another, by guardian, Respondents.

*April 9—May 12, 1925.*

*Appeal: From county court: Order not responsive to petition.*

Where an administrator petitioned for the allowance of his final account and the distribution of the realty, an order of the county court determining only that the adoption proceedings attacked in the petition were valid is not appealable.

APPEAL from an order of the county court of Dodge county: E. H. NABER, Judge. *Dismissed.*

Validity of adoption proceedings. *Frank Bion* was committed to the Sparta school for dependent children on May 2, 1906. The order for his adoption was made May 7, 1912. *Earl Emery Brigum* was committed to the Sparta school April 2, 1912, and the order for his adoption was made

September 12, 1916.   The petition for adoption in each case was in the usual form and the proceedings were had in the county court of Dodge county.   There was no attempt to serve the natural parents of either child and the adoption was consented to by the state board of control, upon which and the petition the order of adoption was made; nor was there any finding that the natural parents of either child had abandoned him.   In November, 1923, *Mr. Harter,* the adoptive father, learning that there was some doubt as to the legality of the adoption proceedings, went to Sparta and was there advised to wait until the boys should both be fourteen years of age or over, when they could consent to the adoption.   After they arrived at fourteen years of age they refused to consent.   In this situation and at some time prior to March 6, 1923, Mary Harter, the adoptive mother, died and left surviving her her husband, *Adrian G. Harter,* and the two adoptive children, Donald Harter and Frank David Harter; these facts being recited in the petition for administration.   *Adrian G. Harter,* the adoptive father, and husband of Mary Harter, was appointed administrator of her estate, and on April 21, 1924, filed a petition for the allowance of his final account and distribution of the real estate, in which petition he alleged that he was the sole heir and set up the claim that the adoption proceedings were void.   A large amount of evidence was offered, but in our view of the case the determination of the issue raised must rest upon well established legal principles, and it is not necessary to recite or review the evidence.

The trial court in his opinion said: "The parents [referring to the natural parents] have never made a claim to them and may be said to have morally abandoned their children," and concluded that the adoptive father could not raise the question of the validity of the adoption proceedings; and concluded, as a matter of law, as indicated by the order entered, that the adoption proceedings were valid and that thereby *Earl Emery Brigum* and *Frank Bion* each became

the lawful heirs at law of Mary R. Harter.   From this order the administrator appeals.

For the appellant the cause was submitted on the brief of *E. W. Sawyer,* attorney, and *Sawyer & Gehl,* of counsel, all of Hartford.

*August Kading* of Juneau, guardian *ad litem,* for the respondents.

ROSENBERRY, J.   The county court assumed to pass upon the validity of the adoption proceedings by a separate order without determining in what manner the estate should be distributed.   By this procedure the issue was split, and instead of making an order responsive to the petition of the administrator for the allowance of his account and the distribution of the estate the county court determined one single issuable proposition.   Within the rule laid down in *Estate of Beyer,* 185 Wis. 23, 200 N. W. 772, no appeal lies from the order so entered, nor do we see any justification for the procedure followed in this case.   While the procedure in county courts is and should be less formal than that in the circuit court, nevertheless, in view of the fact that by recent amendment to the statute appeals now lie direct from the county court to the supreme court, a situation is presented which should be clearly in the mind of county judges, and orders made should be responsive to the issue presented by petition or otherwise.   We have no recourse in this case but to dismiss the appeal for want of jurisdiction.

The issues, however, are ruled so clearly and definitely in favor of the appellant by *Lacher v. Venus,* 177 Wis. 558, 188 N. W. 613, and *Adoption of Bearby,* 185 Wis. 33, 200 N. W. 686, that we deem it our duty to indicate that fact although we have no jurisdiction to reverse the order.

*By the Court.*—Appeal dismissed.