EARL, Respondent, vs. NAPP, Appellant.

*May 1—June 4, 1935.*

For the appellant there was a brief by *J. E. Barnett* of Boscobel, attorney, and *Richmond, Jackman, Wilkie & Toebaas* of Madison of counsel, and oral argument by *Mr. L. E. Hart* of Madison, and *Mr. Barnett*.

For the respondent there was a brief by *George F. Frantz* of Fennimore, attorney, and *Carthew & Meyer* of Lancaster of counsel, and oral argument by *Harry E. Carthew*.

Fritz, J.    Defendant contends that, in view of the conflict in the evidence, it was error for the court to substitute an affirmative answer for the jury's finding that the defendant did not authorize the application of the value of the lime as a partial payment on the note.    A review of the evidence on that issue of fact discloses that, although the evidence well warranted the court's finding, it cannot be said that the evidence did not also admit of the jury's finding, if the jury believed that defendant's testimony was credible.    Under those circumstances, the court could not rightly substitute its finding for the jury's answer (*Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741; *Heaney v. Chicago & N. W. R. Co.* 213 Wis. 670, 252 N. W. 173), but, at most, could merely, in the exercise of its discretion, set the verdict aside in the interests of justice and order a new trial.

A credit in favor of a debtor for goods delivered by him to his creditor may, if duly applied as a part payment on the latter's claim against the debtor, be sufficient for the purpose of interrupting the running of the statute of limitations. *Green v. Dodge,* 79 Vt. 73, 64 Atl. 499; *Rowell v. Lewis' Estate,* 72 Vt. 163, 47 Atl. 783; *Cuthbertson v. Hill,* 65 Vt. 573, 27 Atl. 71; *Green v. Disbrow,* 79 N. Y. 1; 1 Wood, Limitations (4th ed.), p. 558, § 112; 17 R. C. L. p. 928, § 292.

Under the evidence, the only ultimate issue of fact which it was actually necessary to submit to the jury, in respect to

the effect of crediting the value of the lime, if delivered as a payment on the note, was not whether the defendant had authorized the plaintiff to apply the value thereof as a partial payment on the note, but was whether that delivery was made to the plaintiff under such circumstances that it was not a gift to the plaintiff, but that he became indebted therefor to the defendant. Defendant's testimony in respect to that issue of fact was: "I believe Mr. Earl offered to pay me for a load of lime. . . . I said I didn't want it. . . . I didn't want anything. I couldn't say just the words Mr. Earl said but he wanted to do something, and I said no I didn't want anything, and that is all I know that was said." Plaintiff, on the other hand, testified: "When he got it unloaded I asked him how much it was. 'Well,' he says 'never mind. Just let it go.' 'No,' I says, 'John, I don't want to do that. I want to pay you, and you tell me what it is and I will give you credit.' 'Well,' he says, '4.50.' " In view of that conflict, it was for the jury to determine whether plaintiff received the lime as a gift, or whether he became indebted therefor to the defendant. If, upon that issue, a jury found the facts to be such that indebtedness for the value of the lime was then incurred by the plaintiff to the defendant, then, in the absence of a request by the defendant to have the credit to which he was entitled by reason of that indebtedness applied in some other manner, the plaintiff could, without being expressly authorized by the defendant, apply, as he did, his indebtedness in that respect as a payment on the note. It is well established that, in the absence of some other application by a debtor, at the time of making a payment, or an agreement with the creditor as to some other application, the latter may apply a payment upon such account against the debtor as he chooses. *Johnston v. Northwestern Live Stock Ins. Co.* 107 Wis. 337, 83 N. W. 641; *Coxe Bros. & Co. v. Milbrath,* 110 Wis. 499, 86 N. W. 174; *W. H. Pipkorn Co. v. Evangel-*

*ical L. St. Jacobi Society,* 144 Wis. 501, 129 N. W. 516;
*Nelson v. Davison,* 152 Wis. 567, 140 N. W. 334; *Theiler
v. Consolidated Indemnity & Ins. Co.* 213 Wis. 171, 176,
250 N. W. 433, 435. Usually occasion for resort to that rule
arises only when there is a question as to which of several
accounts or claims owing by a debtor is to be credited with a
payment which he did not apply on any particular one of his
accounts. However, if, under such circumstances, a creditor
is authorized, as a matter of law, to apply the debtor's pay-
ment or credit to such of the debtor's accounts as the creditor
chooses, then, when there is but one account, he is certainly
likewise authorized to apply such a payment or credit on that
account. Consequently, if, in the case at bar, a question had
been submitted, and the jury had found in answer thereto
that the delivery of the lime was made under such circum-
stances that the plaintiff became indebted therefor to the
defendant, then, because of the absence of any request by
the latter for any other application of his resulting credit, the
plaintiff would have been authorized, as a matter of law, to
apply that credit, as he did, on the defendant's note. As,
under those circumstances, the fact to be found by the jury
in answer to such a question would constitute the ultimate
fact, upon the determination of which a final adjudication
herein is dependent, a new trial is necessary in order to have
a jury pass upon that question.

On this appeal plaintiff contends for the first time that he
is entitled to judgment because, by reason of a negative preg-
nant in defendant's answer, it is susceptible to the construc-
tion that the latter admits that some sum was paid on May 1,
1931, or that the sum of $4.50 was paid on some day within
the last six years, or that that sum was paid on the principal
on that date. Any possible inference in any of those respects
is, however, wholly negatived by the following unequivocal
allegations, pleaded by the defendant in immediate connection

with the denial which the plaintiff contends constitutes a negative pregnant, to wit: "That no payment of any nature or description had been made by this defendant or anyone on his behalf to this plaintiff or anyone purporting to hold said note as interest or principal since March 18, 1928, and alleges for that reason that the statute of limitations has run against said note," etc. In view of those allegations, defendant's answer, considered in its entirety, cannot reasonably be construed as admitting the making of any payment within the period of six years prior to the commencement of the action, and because of those allegations defendant's answer differs materially from the answer in *Argard v. Parker,* 81 Wis. 581, 51 N. W. 1012, cited by plaintiff. Furthermore, after a trial on the merits, at which considerable evidence pro and con was taken in respect to the issues raised by pleading the statute of limitations, without the defendant relying upon, or being misled by reason of any technical admission due to any negative pregnant, the cause is now to be determined on that evidence, and not on a mere technical and illiberal construction of an equivocal allegation in but a part of defendant's answer. *Heber v. Estate of Heber,* 139 Wis. 472, 475, 121 N. W. 328; *Shine v. Hagemeister Realty Co.* 169 Wis. 343, 347, 172 N. W. 750.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

FAIRCHILD, J. (*dissenting in part*). The evidence shows beyond dispute that the defendant, Napp, is indebted to the plaintiff, Earl, in the sum of $1,000. This is evidenced by a note. Before the note was six years old, Earl purchased some lime from defendant and indorsed the value thereof on the note as a payment. This action was begun within six years after the date of indorsement. The evidence fully sustains the jury's finding that the lime was delivered to the

plaintiff. On direct examination Napp testified: "I did not ever sell any lime at that time especially during the month of April, 1931, to William Earl, the plaintiff. I never had any transactions with him regarding the purchasing and sale of lime at any time." After evidence was introduced showing that Napp had paid for weighing a load of lime delivered to the plaintiff, he testified: "I believe Mr. Earl offered to pay me for a load of lime. At the time he offered to pay me for a load of lime I said I didn't want it."

The second question of the special verdict reads as follows:

"Did the defendant Napp authorize the plaintiff Earl to apply the value of the load of lime delivered to him as a partial payment on said note?"

There was no necessity for submitting this question. It was answered "No" by the jury, and upon motions after verdict, the trial court changed that answer to "Yes" stating: "I rather think that what the court should do is to change the answer to that second question from 'No' to 'Yes' on the uncontroverted evidence that was presented as to what transpired between the parties."

In the opinion of this court it is stated:

"Under the evidence, the only ultimate issue of fact which it was actually necessary to submit to the jury, in respect to the effect of crediting the value of the lime, if delivered as a payment on the note, was not whether the defendant had authorized the plaintiff to apply the value thereof as a partial payment on the note, but was whether that delivery was made to the plaintiff under such circumstances that it was not a gift to the plaintiff, but that he became indebted therefor to the defendant. . . . It was for the jury to determine whether plaintiff received the lime as a gift, or whether he became indebted therefor to the defendant."

In so far as a new trial has been granted on this ground, I disagree with the majority of the court. A jury question

does not exist as to whether the defendant intended to make a gift to the plaintiff. The indorsement of a credit on the note accompanied by evidence that such indorsement was made before the note was barred by the statute of limitations was a declaration against the plaintiff's interest; it was *prima facie* evidence of the payment indicated thereby; sufficient to toll the statute of limitations, and in connection with the balance of the evidence, established the nature of the transaction as one of payment. *Marshall v. Holmes,* 68 Wis. 555, 32 N. W. 685; *Roseboom v. Billington,* 17 Johns. (N. Y.) 182, 183; 59 A. L. R. 903, note. The plaintiff was under no obligation to accept the lime as a gift, and he did treat the transaction as a payment. His uncontradicted testimony and his acts following the transaction show this. He testified: "When he got it unloaded [the lime] I asked him how much it was. 'Well,' he says, 'never mind. Just let it go.' 'No,' I says, 'John, I don't want to do that. I want to pay you, and you tell me what it is and I will give you credit.' 'Well,' he says, '4.50.'" A few days after this conversation plaintiff went to the bank, and, as testified to by the cashier, indorsed on the note: "Received $4.50 Interest, load lime." The acts of plaintiff unequivocally show that he intended to pay for the lime he received. As said in Thornton, Gifts and Advancements, § 89:

"The gift, to be valid, must be accepted by the donee upon the exact terms in which it was tendered. If it is an absolute and unconditional gift, the acceptance must be absolute and unconditional, or the donor must agree to the modification of the terms made by the donee; . . ."

The donor's intention to make a gift to his creditor was entirely offset by the creditor's refusal to treat it as a gift, and his insistence that it be used as a credit on the donor's obligation. In this instance the burden of proof to establish a completed gift rested upon Napp, and there is no credible evidence to support the conclusion that Earl accepted a gift.

If a person indebted to one pays money to his creditor without specifying for what purpose, the presumption is that it was a payment on the debt. In the making of a gift as in the making of a contract, there must be a meeting of the minds, and when the circumstances surrounding the transaction show that a meeting of the minds upon the idea of gift is lacking, then, as a matter of law, there can be no completed gift. In the testimony of Napp, after denying that he had any transactions with Earl in regard to the sale or purchase of lime, he stated: "I believe Mr. Earl offered to pay me for a load of lime. . . . I said I didn't want it. . . . I didn't want anything. I couldn't say just the words Mr. Earl said, but he wanted to do something and I said no I didn't want anything and that is all I know that was said." This offer was rejected, the lime was delivered, and credit given. There was no agreement that the lime was to be accepted as a gift. The presumption that the transaction was a payment on the existing debt controls. Napp had the lime weighed; paid for that service; and, upon the request of Earl, stated the value thereof. That amount was credited upon his indebtedness. There being no gift as a matter of law, the question of authority to credit the purchase price on the note is controlled by the rule recognized in this court's decision, wherein it holds that the creditor "may apply a payment upon such account against the debtor as he chooses," and requires the answering of question two "Yes," if it was to be submitted at all. I agree with the decision below and dissent from the ruling here.