HENRY HEINEMAN, APPELLEE, V. MATTHEW THIMGAN, APPELLANT.

285 N. W. 920

FILED MAY 26, 1939. No. 30593.

*D. O. Dwyer* and *W. L. Dwyer,* for appellant.

*Williams, Beynon & Nye, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and JOHNSEN, JJ.

CARTER, J.

This is an action to recover on an open account for work and labor. Plaintiff recovered a judgment for $286.25, and defendant appeals.

The evidence shows that plaintiff worked for defendant as a carpenter during the years 1923, 1924, 1925, 1927 and 1928, and that there was due on the account the sum of $297.10, which remained unpaid. Plaintiff commenced his action on November 10, 1937. Plaintiff pleaded certain credits on the account in the years 1931, 1932, 1933 and 1934, which are alleged to have tolled the statute of limitations. It is the contention of the defendant that the work and labor for which the credits were given were performed by his son and without knowledge on his part. The statute of limitations is also pleaded as a defense.

An examination of the record discloses that the evidence as to the facts was in conflict. The jury evidently believed the evidence of the plaintiff and his witnesses. It has long been the rule of this court that the verdict of a jury based on conflicting evidence will not be disturbed. We find no reason for departing from the rule in the case at bar.

It is the contention of the defendant that, if a creditor becomes indebted to his debtor, that fact will not operate as a payment *pro tanto* and toll the statute of limitations, unless there be an agreement between the parties that it shall be so applied.

We think the correct rule is that a credit in favor of a debtor may, if duly applied as a part payment on the creditor's claim against the debtor, be sufficient for the purpose of interrupting the running of the statute of limitations. *Earl v. Napp*, 218 Wis. 433, 261 N. W. 400. It is well established that in the absence of some other direction by the debtor at the time of making a payment, or an agreement with the creditor as to some other application, the latter may apply a payment upon such account against the debtor as he chooses. In *Earl v. Napp, supra*, the court used the following apt language which is applicable to the case at bar: "Usually occasion for resort to that rule arises only when there is a question as to which of several accounts or claims owing by a debtor is to be credited with a payment which he did not apply on any particular one of his

accounts. However, if, under such circumstances, a creditor is authorized, as a matter of law, to apply the debtor's payment or credit to such of the debtor's accounts as the creditor chooses, then, when there is but one account, he is certainly likewise authorized to apply such a payment or credit on that account. Consequently, if, in the case at bar, a question had been submitted, and the jury had found in answer thereto that the delivery of the lime was made under such circumstances that the plaintiff became indebted therefor to the defendant, then, because of the absence of any request by the latter for any other application of his resulting credit, the plaintiff would have been authorized, as a matter of law, to apply that credit, as he did, on the defendant's note."

The trial court properly instructed the jury in accordance with the views herein expressed. The jury decided for the plaintiff on conflicting evidence. This court is powerless to substitute its judgment for that of the jury under such circumstances even if it believed the jury to have been in error.

AFFIRMED.