WILL OF KRAUSE: KRAUSE (IRMA) and another, Appellants, vs. KRAUSE (ELMER) and another, Executors, Respondents.

*February 10—March 10, 1942.*

For the appellants there was a brief by *Brayton E. Smith* and *Alfred W. Gerhard,* both of Wausau, and oral argument by *Mr. Gerhard.*

*Herbert L. Terwilliger* and *Fred W. Genrich, Jr.,* both of Wausau, for the respondents.

FRITZ, J. The motions to dismiss the appeal must be granted on the ground that the orders authorizing the executors to continue to carry on the business to October, 1942, and directing an accounting by the executors of their receipts and disbursements as of October 1, 1941, are merely directory orders made in the course of probate proceedings. As such they are not within the classifications designated as appealable orders by the provisions in sec. 274.33, Stats. That statute is applicable alike to all appeals from orders, whether they are orders made by a county court or a circuit court. *Estate of Beyer,* 185 Wis. 23, 26, 200 N. W. 772. In this case it was held that although sec. 324.01 (2), Stats., provides that an appeal may be taken to the supreme court from "any order or judgment" of the county court, the legislature did not thereby "intend to give the right of appeal from orders which were not appealable under the provisions of sec. 3069 [now sec. 274.33]." The court said,—

"It is hardly conceivable that the legislature should intend to grant the right to appeal from all orders, many of which are merely directory, made in the course of probate proceedings, and withhold the right to appeal from orders made in the circuit court, often of much greater dignity. This position is further strengthened by reference to the provisions of sec.

4036, that an appeal from the county court, when it is filed and notice thereof given, stays all further proceedings. The legislature could not have intended to stay proceedings on appeals from merely directory orders."

These conclusions were approved and applied in *Will of Pattison,* 190 Wis. 289, 297, 207 N. W. 292; *Estate of Benesch,* 206 Wis. 582, 584, 240 N. W. 127; *Will of Hughes,* 187 Wis. 14, 203 N. W. 746; *Estate of Harter,* 187 Wis. 90, 203 N. W. 720.

Moreover, the appeal from the order requiring an accounting by the executors in relation to the estate as of October 1, 1941, must be dismissed because this order was granted pursuant to the prayer in appellants' petition "that the court require an accounting from the executors of their doings in this estate." Appellants, having prayed for an accounting, cannot be heard on an appeal taken by them from an order entered in response to their prayer. As this court has said,—

". . . the appeal cannot be sustained, for certainly the plaintiffs cannot attack by appeal an order made at their request. It is immaterial that such request was in the alternative." *Treat v. Hiles,* 75 Wis. 265, 275, 44 N. W. 1088; *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184; *Steneman v. Breyfogle,* 211 Wis. 5, 247 N. W. 337; *Estate of Bryngelson,* 237 Wis. 7, 296 N. W. 63.

*By the Court.*—Appeal dismissed as to both orders.