WILL OF ERPENBACH: ERPENBACH, Executor, Appellant, vs. GILBERTSON, Administrator, and others, Respondents.

*September 12—October 10, 1944.*

520

For the appellant there was a brief by *Willis E. Donley* of Menomonie, and oral argument by *W. B. Collins* of Milwaukee.

For the respondents there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford*.

MARTIN, J.    Mara Erpenbach, also known as Mary Erpenbach, of Eau Claire, Wisconsin, died testate April 17, 1943. By the terms of her will, executed on the 4th day of December, 1933, with the exception of a few small bequests, she devised and bequeathed to each of her sons and daughters an undivided one fifth of the rest, residue, and remainder of her estate, real, personal, and mixed.    She nominated and appointed her son Mathew as executor, authorizing and empowering him as such executor to compound and compromise any claims in favor of or against her estate in any manner as to him might seem to the best interests of her estate, and directed that no bond or security of any kind be required of said executor.

The will was duly admitted to probate and letters testamentary were issued to appellant on May 25, 1943.    As indi-

cated in the foregoing statement of facts, the proceedings herein arose on the petition of Mathew as executor for instructions, in which he stated:

"That, pursuant to his duties as such executor, he took possession of a certain safety-deposit box in the name of the deceased and all property of the deceased.

"That the property of the deceased appears to have consisted of:

"Cash of $530;

"Certain notes and mortgages of Henry J. Erpenbach and Mary K. Erpenbach, son of the deceased, for $2,400;

"Land contract executed by Chester A. Turk and Charlotte E. Turk on which $1,300 was due and payable; and

"A note of your petitioner and his deceased wife dated August 28, 1919, due August 28, 1929, bearing interest at 5%, in the original principal amount of $10,000, on which indorsements, in the handwriting of the deceased, of principal and interest aggregating $6,825.97 are shown. The last indorsement of principal and interest on said note is September 22, 1930.

"That your petitioner has made no payments of principal or interest on said note for more than six years and that said note is outlawed.

"That your petitioner claims to have made more payments upon said note than those indorsed thereon, and further claims that it was the intention of the deceased to forgive him the payment of said note. That said note represented the purchase price of the home farm and not any moneys borrowed from the deceased.

"That your petitioner is not aware of any debts of the deceased remaining unpaid and is not aware of any claims against the deceased.

"That, under the terms of the will nominating your petitioner as executor, he is empowered to compound and compromise any claims in favor of or against the estate in any manner as to him may seem to be to the best interests of the estate and all bonds are waived."

Appellant's petition to the court for instructions was limited to his powers under the clause of the will with respect to his

note and mortgage, and as to whether he should continue to act as executor without furnishing a bond. At the hearing certain of the heirs and devisees, by their counsel, orally moved the court, on the facts alleged in the petition, that appellant be removed as executor. Whereupon, the court made the finding and entered the order mentioned in the statement of facts preceding this opinion.

The procedure for the removal of an executor, administrator, guardian, or trustee is statutory. Sec. 324.35, Stats., specifies the grounds for removal. It provides:

"If an executor, administrator, guardian or trustee shall reside out of this state, or shall neglect to render his account within the time provided by law or the order of the court, or shall neglect to settle the estate according to law, or to perform any judgment or order of the court, or shall abscond, or become insane or otherwise incapable *or unsuitable to discharge the trust, the county court may remove such executor, administrator, guardian or trustee* and appoint a successor therefor; *but no such order shall be made until the person affected has been notified, as provided by section 310.21 or 324.19 to show cause at a specified time why he should not be removed.*"

Sec. 310.21, Stats., relates to service on nonresident executor. Sec. 324.19 provides:

"When notice of any proceedings in county court is required by law or deemed necessary by the court and the manner of giving the same shall not be directed by any law the court shall order notice to be given to all persons interested in such manner and for such length of time as it shall deem reasonable."

Clearly, the statutory procedure for the removal of an executor was not followed in the instant proceedings. The respondents seem to attach some significance to the provisions of sec. 324.18 (3), Stats., which provides that "A general appearance by a competent adult person is equivalent to timely

personal service of notice upon him." We fail to see the application of this statute. It is obvious that the parties were before the court on July 15, 1943, on the executor's petition for instructions. That was the only matter concerning which notice was given. It cannot be maintained that he was before the court to show cause why he should not be removed as executor. The oral motion made at this hearing by respondents for the removal of the executor, even though based on the facts stated in the petition for instructions, cannot serve as a substitute for the procedure provided for in sec. 324.35, and the notice provided for in sec. 324.19. Only by compliance with the statutory procedure can the court acquire jurisdiction.

Respondents argue that the hearing on July 15th was held on the petition of the executor; that the date and place of the hearing was set by the court upon the petition of the executor; and that the hearing was held at the time and place so requested. From which they conclude that the person who petitions for a hearing and procures the order setting the date of hearing may not complain of an order made at his request. Citing *Will of Krause,* 240 Wis. 68, 2 N. W. (2d) 732. There is no merit in this contention. The court order fixing date and place of the hearing was on the executor's petition for instructions. It could have no relation to the removal of petitioner as executor because that matter did not come to the attention of the court until the respondents made their oral motion for such removal at the hearing on July 15th. In *Will of Krause, supra,* the executor appealed from an order requiring an accounting in relation to the estate as of a designated date. The order entered was pursuant to the prayer of the petition from which the executor appealed. On motion to dismiss the appeal, the court said (p. 71):

"Appellants, having prayed for an accounting, cannot be heard on an appeal taken by them from an order entered in response to their prayer."

This case has no application to the facts in the instant action. It must be held that the court was without jurisdiction and that its order of November 8, 1943, removing appellant as executor and granting letters of administration *de bonis non* with will annexed is void.

Respondents contend that the appeal is for the purpose of delay; that it appears from the petition of the executor for instructions that the principal asset of the estate is the note and mortgage of the executor to the deceased; that the value of the farm is less than the indebtedness and that the mortgagor is insolvent. Appellant had the right, if not the duty, to appeal from the order in question and the appeal was seasonably taken. Since, for the reasons above stated, the order of November 8, 1943, removing appellant as executor and appointing an administrator *de bonis non* with will annexed is without legal force and effect, appellant's purpose in taking the appeal becomes immaterial. There is nothing in the record to show that the value of the farm covered by the mortgage is less than the indebtedness, or that the mortgagor is insolvent. In any event, these alleged facts, taken in connection with the facts appearing in the executor's petition for instructions, to which reference has been made, are all matters which the court, in a proper proceeding for the removal of the executor, should take into consideration.

*By the Court.*—Order reversed. Record remanded to the county court of Eau Claire county with directions to vacate and set aside the letters of administration *de bonis non* with will annexed to the respondent Victor Gilbertson, and to reinstate letters testamentary to the appellant Mathew Erpenbach as executor of the will of Mara Erpenbach, deceased. Appellant to have his costs and disbursements.