WHITNEY, CLARK & CO., PLAINTIFFS IN ERROR, V. WALTER CHAMBERS, DEFENDANT IN ERROR.

Statute of Limitations: PAYMENT BY ASSIGNEE OF INSOLVENT. The payment of a dividend by the assignee of an insolvent debtor is not such a part payment as will, under section 22 of the code, take the residue of the debt out of the statutory limitation, as against such debtor.

ERROR to the district court of Hamilton county. Tried below before GEORGE W. POST, J.

J. H. Smith, for plaintiff in error, cited: Letson v.

*Kenyon,* 1 Pac. Rep., 562.  *Sornberger v. Lee,* 14 Neb., 193.

*Austin J. Rittenhouse,* for defendant in error, cited: *Stoddard v. Doane,* 16 Ohio State, 566.  *Pickett v. King,* 34 Barb., 193.  Angell on Limitations, 249.  *Winchell v. Hicks,* 18 New York, 567.  *Roosevelt v. Marks,* 6 Johns. Ch., 266.  *Marienthal v. Mosler,* 16 Ohio State, 566.

COBB, CH. J.

There is but one question presented by the record in this case.  The action in the court below was brought on two several promissory notes, one of which became due sixty and the other ninety days after the twenty-fifth day of January, 1877.  The action was brought on the seventh day of October, 1882.  So that upon their face the notes were barred by the statute, full five years having elapsed after the maturity of the notes when the action was brought. But upon the back of each of said notes appear two endorsements, one of $34.50, the twentieth of April, 1878, the other of $6.90 the ninth of October of the same year, which endorsements were alleged in the petition to have been made for money paid on the said notes by the duly appointed and acting assignee of the defendant, by virtue of his power and duties as assignee.  There is also attached to the said petition and made a part thereof, a copy of a deed of assignment from the defendant to one Delevan Bates of a certain stock of goods, village lot, etc., for the benefit of his, the said defendant's, creditors, a list of whom were therein given, including plaintiffs and the payees of the said notes.

NOTE.—To take debt out of the statute there must be an unqualified acknowledgment of and promise to pay it; promise by one joint debtor will not take debt out of statute as to others, unless he is specially and severally authorized.  *Mayberry v. Willoughby,* 5 Neb., 370. Promises and payments *held* not to take debt out of statute.  *Kyger v. Riley,* 2 Neb., 22.  *Johnson v. Ghost,* 11 Neb., 418.  *Stevenson v. Craig,* 12 Neb., 469.—REP.

There was also contained in said petition a third cause of action, consisting of a book account, the last item of which was dated September 20, 1877, and which contains two credits of cash from said assignee, of dates respectively April 20 and Oct. 9, 1878. The defendant filed a general demurrer to the petition, which was sustained by the court, and this is the sole error upon which the cause is brought to this court.

Section 22 of our code provides that, "In any cause founded on contract, when any part of the principal or interest shall have been paid * * * an action may be brought in such case within the period prescribed for the same after such payment." So the question presented for our determination is, whether a part payment made by an assignee of the debtor, under the power of a general assignment for the benefit of creditors, will have the same effect under this section as a payment made by the debtor himself.

Under a statute like our own, the supreme court of Ohio, in the case of *Marienthal v. Mosler*, 16 Ohio St., 566, held that the payment of a dividend by the assignee of a debtor did not take the residue out of the statute of limitations. The opinion cites the cases of *Stoddard v. Doane*, 7 Gray (Mass.), 387, *Pickett v. King*, 34 Barb., 193, and *Roosevelt v. Marks*, 6 Johns. Ch., 266. While it cannot be said that the argument is all on the side of the above cases, and there are high authorities holding the other way, yet I think that the weight of reason as well as of authority is with them.

Counsel for plaintiff in error cite, with evident confidence, the case of *Sornberger v. Lee*, 14 Neb., 193. In that case the court held that, "The receipt and endorsement on a promissory note, by the holder, of money realized from a collateral left with him by the maker for that purpose, will remove the bar of the statute." But the chief contention on the part of the plaintiff in error in that case was, that the "mere payment of a part of a debt was not sufficient to

stop the running of the statute." The court held that it was sufficient, and that the facts in that case as set out in the petition (the case having been disposed of in the court below on demurrer to the petition) as follows: "That on the thirtieth day of January, 1877, the plaintiffs collected $61.55 on a note which defendant had left with them as collateral security to the note above described, and on the same day made the endorsement as above set forth," were sufficient to constitute a part payment under the statute.

As I understand the reasoning of the cases upon the section of the statute under consideration, it amounts to about this, that a part payment in order to bar the statute must be equivalent to an acknowledgment of an existing liability or to a promise to pay the same. If such is the logic of the statute, then I think there is a wide difference between the part payment in the above case and that in the case at bar. There the application was made pursuant to the present special authority of the debtor, by an agent appointed for that purpose. Anything else which the agent was authorized to do, to-wit, to collect the money on the collateral, was a mere incident to the application of it on the note. Here the application of any portion of the property to the part payment of the notes and account sued on was not necessarily or probably in the mind of the defendant in error when he made the assignment for the benefit of his creditors. The main object of the defendant in error in making the assignment was to place the legal title and possession of the assigned property in his assignee, to the end that it might be fairly and equally distributed among his creditors, in proportion to their respective demands, and any payment on the notes and account of the plaintiffs in error was a mere incident to said assignment and the trust thereby created. And as it appears to me, the payments made by said assignee on the said notes and account were made as the agent of the law and of the said creditors rather than as the agent of the said assignor.

For all that appears on the face of the deed of assignment attached as an exhibit to the petition in the case at bar, it was not in the mind of the assignor when he made the assignment that the property would pay less than the whole of the demands of his creditors named in the schedule, so that it cannot be said that he contemplated the making of part payment on the notes or account sued on.

Since writing the above my attention has been called to the case of *Letson v. Kenyon,* 31 Kan., cited by counsel for plaintiff in error from the Pacific Reporter, which work not being in the library the case was not sooner examined. While that able court came to a different conclusion, I do not see sufficient reason in their opinion to reconsider the views above expressed.

I therefore reach the conclusion that there was no error in sustaining the demurrer to the petition. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.