ROSEL P. SCOTT, APPELLEE, v. GEORGE DEGRAW, APPELLANT.

FILED NOVEMBER 14, 1911. No. 16,935.

1. **Limitation of Actions:** PLEADING AND PROOF. In this state the statute of limitations is a statute of repose; it prevents recovery on stale demands. If the petition in an action upon a promissory note sets out the note which shows upon its face that it is barred by the statute, and partial payments are also alleged in the petition which would remove the bar of the statute, and such payments are denied in the answer, with the allegation that the note is barred, the plaintiff cannot recover without evidence of such payments.

2. ———: NOTES: PAYMENTS ON COLLATERALS. When collaterals are transferred by the maker of a note as security therefor, payment on such collaterals will be considered as payment on the principal note by the maker thereof, in the absence of any agreement to the contrary, as of the time that such payments were actually made upon the collaterals, and not of the time that they may have been received by the holder of the principal note from one in whose hands he has placed the collaterals for collection.

3. ———: EVIDENCE. The evidence in this case fails to prove that any payment was made upon the note in suit within the five years next before the action was begun.

APPEAL from the district court for Morrill county: HANSON M. GRIMES, JUDGE. *Reversed.*

*G. J. Hunt,* for appellant.

*Williams & Williams, contra.*

SEDGWICK, J.

The defendant executed and delivered to one J. W. Harper his promissory note for $750, dated March 11, 1901, and due on the 11th day of December, 1901. The plaintiff brought this action upon this note, alleging that the said Harper had assigned the note to him without recourse, and that two several payments, one of June 14, 1901, and the other July 15, 1901, were indorsed on the note, and alleging 13 other credits by cash paid to the plaintiff. The allegation was that 11 of these payments to the plaintiff were made in the years 1901, 1902, and 1903, one payment in 1904, and another payment of $6 on the 7th day of February, 1905. The action was begun on the 31st day of December, 1909. The note sued upon appeared upon its face, as alleged in the petition, to be barred by the statute of limitations. It was not alleged in the petition that any payment had been made to the plaintiff within the five years prior to the commencement of the action, except a payment of $6 on the 7th day of February, 1905. The petition would have been demurrable as showing upon its face that the action was barred by the statute of limitations, but for this allegation of the payment of $6 in February, 1905. These allegations of payment were denied in the answer.

In an action upon a promissory note, if the note upon the face appears to be barred by the statute of limitations, the petition fails to state a cause of action, unless it also contains allegations of fact which show affirmatively that the statute has not run against the note. *Hedges v. Roach*, 16 Neb. 673. The statute of limitations in this state is a statute of repose; it is not to be construed as merely raising a presumption of payment; it destroys the right of action. *Mayberry v. Willoughby*, 5 Neb. 368, 25 Am. Rep. 491; *Chapman v. Kimball*, 7 Neb. 399; *Gatling v. Lane*, 17 Neb. 80. When it does not appear upon the face of the petition, the defendant must plead it, and the party pleading the facts must prove them. *Van Burg v. Van Engen*, 76 Neb. 816. When the plaintiff, as in this

case, brings his action upon a promissory note which shows upon its face that more than five years elapsed after the maturity of the note before the commencement of the action, and then to remove the bar, of the statute pleads payments on the note within the five years, and these allegations of payment are denied in the answer, with an allegation that the action is barred, the plaintiff must prove the alleged payments in order to remove the apparent bar of the statute. This is the precise point determined in *Hedges v. Roach, supra.*

The answer also alleged that at the time of the execution of the note the defendant "transferred and delivered to said Harper, as collateral security for the payment thereof, a number of notes payable to defendant, all dated February 25, 1901, and running for one year, payable at Sidney, Nebraska, with 6 per cent. interest from date, the total of the face of which said notes exceeded in the aggregate the amount of the note herein sued upon." This allegation is supported by the evidence, and is not disputed. The evidence further shows that the said Harper and this plaintiff were both interested in the note and entitled to the proceeds thereof, although the note was taken in the name of Harper only as payee, and also shows that it was agreed between the parties to the note that the collateral notes should be left with the Bank of Nebraska of Sidney, of which one Martin was cashier, for collection.

When notes are transferred as collateral to the principal note, in the absence of any agreement to the contrary, the law implies that payments upon the collaterals are payments upon the principal note, and the notes having been left at the bank by agreement of the parties without any evidence of any agreement as to the application of the proceeds of the collaterals, these proceeds must be considered as paid upon the principal note when they were received by the cashier, Martin. The evidence shows that before the note sued upon had been indorsed to this plaintiff, which was some six years after it is dated, payments made upon the collateral notes to Martin were by him for-

warded to Harper, the original payee in the note, and by him, in turn, paid to this plaintiff. None of the payments received by the plaintiff, Scott, were indorsed upon the note.

A paper was offered in evidence entitled "Credits by cash paid to R. T. Scott." Then followed a statement of dates and payments corresponding to those alleged in the petition, showing the one credit of $6 on the 7th of February, 1905, and no other credits within the five years prior to the commencement of the action. This paper was objected to as incompetent and immaterial, but, the cause being tried to the court without a jury, the objection was overruled and the paper was received in evidence. It is now insisted that this was error, but, as the trial court will not be presumed to have based its decision upon incompetent evidence, it is only necessary for us now to consider whether upon the whole competent evidence before the court it sufficiently appears that any payment was made upon this note within the five years before the commencement of the action. We think the evidence entirely fails in this respect. There is nothing in the record to show how much time elapsed after the payment of the $6 to Martin, the cashier of the bank, if indeed the evidence sufficiently shows that such payment was made at all, before the money was paid over to the plaintiff. If this $6 was paid to the bank before the 31st day of December, 1904, more than five years elapsed from that time before the commencement of the action. Martin, it appears, as before stated, turned over these payments to Harper, and Harper paid them to Scott. The fact, if it is a fact, that Scott received it February 7, 1905, does not prove that it was paid to Martin at that time or at any time within the 38 days prior thereto. The allegation of the plaintiff's petition that these payments were made within the five years next before the commencement of the action is wholly unsupported by the evidence.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

LETTON, J., concurring in conclusion.

The petition pleads the note and credits thereon, which on the face of the pleading show that the action was not barred. All that·is said in the answer with reference to the statute of limitations is as follows: "Nor did he ever hear from said Harper or the plaintiff, until long after the statute of limitations had run against said note, that any balance was claimed to be due thereon; that, if any of the notes so transferred to said Harper were not paid and paid promptly, it was the fault of said Harper, and not by reason of any extension granted or permitted by this defendant, and any pretended claim of any balance due thereon would be and is barred by the statute of limitations." The general. rule is that a plea of the statute. which merely avers the pleader's conclusion of law is bad. 13 Ency. Pl. & Pr. 214. This is the rule that has been adopted by this court in every case that has been presented to it before the present one. *Scroggin v. National Lumber Co.*, 41 Neb. 195; *Dufrene v. Anderson*, 67 Neb. 136; *Pinkham v. Pinkham*, 61 Neb. 336. It seems to me the opinion as it now stands is directly opposed to these authorities, and overrules them without saying so.

I am inclined to think, however, that the case should be reversed on the other points mentioned in the opinion.

ROOT, J., concurs in the opinion of LETTON, J.