IN RE ESTATE OF GEORGE A. MCEACHEN.
FIRST NATIONAL BANK OF WISNER, APPELLANT, V. JAMES A.
MCEACHEN, ADMINISTRATOR, APPELLEE.

297 N. W. 153

FILED MARCH 28, 1941. No. 30991.

*Zacek & Nicholson,* for appellant.

*Burr R. Davis, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ., and MEYER, District Judge.

SIMMONS, C. J.

August 7, 1931, George A. McEachen made, executed and delivered to the plaintiff his promissory note in the sum of $4,400, payable on demand, and bearing interest at 8 per cent. per annum. At that time, McEachen carried a checking account with plaintiff's bank, to which deposits and withdrawals were made. March 10, 1932, the balance in the account was $1.46. McEachen died August 13, 1938. September 16, 1938, defendant was appointed administrator. January 13, 1939, the bank, acting solely on its own motion, debited the bank account with the amount of $1.46, indorsed that amount as a payment on the note, and presented the note as a claim against the estate. The defendant plead the bar of the statute. The county court and the district court held that the claim was barred.

The precise question presented is: Did the action of the bank, in applying the balance due on the checking account

as a payment on the note, remove the bar of the statute so as to permit a recovery against the estate of the maker? We conclude that it did not.

Plaintiff argues that a bank deposit is considered pledged by operation of law for the payment of the depositor's matured debt, that the deposit is in the nature of a pledge of collateral security, that it had the right to apply the balance, due on the deposit, upon the indebtedness of the depositor to it, that the depositor is charged with knowledge of that right, that such application after the depositor's death is equivalent to a voluntary payment by the debtor, and removes the bar of the statute.

The applicable statutory provision is: "In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise." Comp. St. 1929, sec. 20-216.

Prior to 1913 the word "voluntarily" was not in the statute. It appears to have been inserted by the commission for revision. Prior to that time, however, the act had been construed to require that the payments be voluntary.

This court, in *Kyger v. Ryley,* 2 Neb. 20, considering the question of whether an alleged payment removed the bar of the statute, said: "The case wants the very first element of a valid payment to take the case out of the statute, which is an intelligent, or at least conscious, consent on the defendant's part, that what was due to him should be applied on his debt."

In *Whitney, Clark & Co. v. Chambers,* 17 Neb. 90, 22 N. W. 229, this court said: "A part payment in order to bar the statute must be equivalent to an acknowledgment of an existing liability or to a promise to pay the same."

In *Moffitt v. Carr,* 48 Neb. 403, 67 N. W. 150, this court said: "Part payment * * * is a voluntary payment made by the debtor himself or by some one authorized by him to

make the payment; and that a payment made on a debtor's note by the sale of his property on execution, or under any legal process whatever, is not such part payment" as the Code declares may remove the bar of the statute.

In *Bosler v. McShane*, 78 Neb. 86, 110 N. W. 726, this court, referring to the statute as it then existed, said: "This cannot be construed so as to permit a payment made by a volunteer, nor a payment made through the agency of legal proceedings" to remove the bar of the statute. On rehearing it was said (78 Neb. 91, 113 N. W. 998) : "It is generally recognized that any payment made as a result of legal proceedings, or that is made as the result of the operation of law, is not held a voluntary payment."

The commission on revision, in inserting the word "voluntarily" in the statute, merely clarified the statute to conform to the prior decisions of this court.

Assuming, but not deciding, that the applying of the balance due on the deposit to the note was a payment, can it be said to have been "voluntarily" made?

A voluntary payment is one that is intentionally and consciously made. It calls for the free exercise of the will. It involves the element of assent and an acknowledgment of the existence of the debt. It is not contended that a dead man can make such a voluntary payment. It cannot be successfully contended that either the debtor or creditor intended that this small balance was held as collateral to the note so as to constitute a pledge, the application of which to the note would avoid the bar of the statute.

The judgment of the trial court is

AFFIRMED.