KATHRYN STACEY, APPELLANT, V. ANTHONY R. PANTANO, M.D., APPELLEE.

131 N. W. 2d 163

Filed October 30, 1964. No. 35648.

Richard G. Stehno, for appellant.

Joseph P. Cashen and Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

On June 26, 1959, the defendant physician performed a partial thyroid removal operation on the plaintiff. A post-operative condition of tetany or faulty calcium metabolism resulted from the operation. Plaintiff alleged and testified that the defendant physician made certain false representations, both as to the nature and the cause of this postoperative condition of tetany. She asserted, among other things, that the physician represented that her condition of tetany was solely the result of her

mental or psychological condition. After a period of consultation and treatment lasting over the intervening period of time, the plaintiff finally consulted a new physician on April 6, 1960, and claims that at that date she finally discovered what her true postoperative condition was and the cause of it. She brings this action for damages alleged to have resulted from these false representations. She consulted the new physician on April 6, 1960, and this action was brought about 2 years and 4 months later, on August 16, 1962. The question in this case is whether the 2-year limitation period of malpractice actions, section 25-208, R. R. S. 1943, or the 4-year general limitation statute on fraud actions, section 25-207, R. R. S. 1943, applies. The district court, at the close of the plaintiff's evidence, dismissed the case on the grounds that it was a malpractice action and that the 2-year limitation period applied. We affirm.

Plaintiff's theory is that, independent of any claim of negligence in the original operation or treatment subsequent thereto, that she relied upon misrepresentation as to what her true condition was and its cause. She claims this is fraud, that it was not discovered until she consulted a new doctor on April 6, 1960, and that, therefore, she had 4 years from that date to bring this action under the general statute of limitations as to fraud, section 25-207, R. R. S. 1943.

The plaintiff's theory is an attempt to separate the actions of a physician in fraudulently concealing the cause and nature of a patient's condition from a claim for damages for earlier negligence in diagnosis and treatment. The record shows that all of the statements and the acts of the defendant claimed to be fraudulent occurred during the course of the physician-patient relationship. They occurred during the times when the plaintiff consulted with the defendant physician as to the treatment, cause, and nature of her condition. It would seem clear that postoperative treatment and necessary advice of the physician to the patient are an inter-

woven and essential part of a physician-patient relationship. Mutual confidence and trust are essentials of the relationship between physician and patient. Williams v. Elias, 140 Neb. 656, 1 N. W. 2d 121; Spath v. Morrow, 174 Neb. 38, 115 N. W. 2d 581. We do not think that the advice and the statements of a physician as to the nature and cause of a patient's condition, as a part of the necessities of treating and consulting with the patient, are separable. They are the essentials to the performance of the physician's whole duty to the patient. We do not think that the Legislature, when it enacted the special limitation statute of 2 years on malpractice intended to separate certain portions of the whole physician-patient relationship and apply a confusing standard of 2 and 4 years to different portions of that relationship, or to require the courts to make such a nebulous and difficult fact separation and determination. The comprehensive scope of a malpractice action is contained in the definition of malpractice given in Williams v. Elias, *supra,* wherein the court said: " 'Malpractice' is defined in Webster's New International Dictionary (2d ed.) as 'The treatment of a case by a surgeon or physician in a manner contrary to accepted rules and with injurious results to the patient; hence, *any professional misconduct* or any unreasonable lack of skill *or fidelity in the performance of professional or fiduciary duties.'* " (Emphasis supplied.) See, also, 41 Am. Jur., Physicians and Surgeons, §§ 70 to 73, pp. 192 to 195; Black's Law Dictionary (3d ed.), p. 1149; Swankowski v. Diethelm, 98 Ohio App. 271, 129 N. E. 2d 182.

Within the meaning of the above pronouncement, the allegations and proof here are that the fraudulent misrepresentations constituted a breach of his duty of fidelity to his patient. The treatment and advice were part of the duties that arose in law from the nature of his employment as a physician. The cause of action, therefore, accrued when the alleged breach of duty was discovered, namely, on April 6, 1960. Spath v. Morrow,

*supra.* Consequently, on August 16, 1962, the 2-year limitation had expired and the defense of the statute of limitations was good.

The special statute as to malpractice, section 25-208, R. R. S. 1943, being applicable, it controls over the general limitation statute on fraud, section 25-207, R. R. S. 1943. This is true because the special statute is the one that expresses the legislative will providing the acts complained of come within the meaning therein expressed. Neisius v. Henry, 143 Neb. 273, 9 N. W. 2d 163; Alexander v. Overton, 22 Neb. 227, 34 N. W. 629; Crum v. Johnson, 3 Neb. (Unoff.) 826, 92 N. W. 1054. This holding is in accord with the general rule that fraudulent representations as to previous negligence or as to the patient's condition do not alter or change the cause of action from one of malpractice to one of fraud or deceit. Tell v. Taylor, 191 Cal. App. 2d 266, 12 Cal. Rptr. 648; Stafford v. Shultz, 42 Cal. 2d 767, 270 P. 2d 1; McCoy v. Stevens, 182 Wash. 55, 44 P. 2d 797; Kleinman v. Lack, 6 App. Div. 2d 1046, 179 N. Y. S. 2d 194; Swankowski v. Diethelm, 98 Ohio App. 271, 129 N. E. 2d 182.

Plaintiff cites and argues several cases from other jurisdictions as supporting the theory of an independent fraud action. We have examined these cases, and they are not applicable. They deal with situations where the physician enters into a contract to cure a patient, performs a particular type of operation, or makes a special warranty. These cases point out that in the absence of a special warranty or contract, and if the deceit is with respect to the manner of performance of the physician's duties or of any incident thereto, that the action is a malpractice suit and the limitation statute relating thereto governs. Kozan v. Comstock, 270 F. 2d 839, 80 A. L. R. 2d 310; McAlpin v. Browne, 15 Misc. 2d 255, 181 N. Y. S. 2d 525. In Krestich v. Stefanez, 243 Wis. 1, 9 N. W. 2d 130, 151 A. L. R. 1022, cited by plaintiff, it was held that a physician's conduct in preventing a patient from

seeking new medical advice was independent of previous misrepresentations as to his condition for which previous conduct, "he was doubtless guilty of malpractice."

Plaintiff contends that the defendant has waived the defense of the statute of limitations because of failure to properly plead and present the issue to the trial court. The record shows that the defendant, in paragraph 4 of his answer, asserted the defense of the statute of limitations. It shows that in paragraph 13 of his motion for directed verdict, he raised the defense and insisted that there was a failure of proof on this issue and that the 2-year statute of limitations for malpractice actions had elapsed. This was the crucial issue in the trial court. The trial court disposed of the case on that issue and wrote a memorandum opinion holding that the plaintiff's case was barred by the 2-year statute of limitations. There was no contention in the district court that the defendant had waived this defense. It is asserted for the first time in this court. Where an issue is relied upon by the parties at the trial, insisted upon as a defense, and relied upon by the trial court as an issue in the case, it may not be successfully asserted for the first time on appeal that it has been waived. Bohmont v. Moore, 141 Neb. 91, 2 N. W. 2d 599; Hadley v. Corey, 137 Neb. 204, 288 N. W. 826; Latenser v. Misner, 56 Neb. 340, 76 N. W. 897. This contention is without merit.

The judgment of the district court is correct and is affirmed.

AFFIRMED.