JOHN D. CAMPBELL, APPELLANT, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

240 N. W. 2d 339

Filed April 1, 1976. No. 40207.

Philip M. Aitken and Gilbert G. Lundstrom of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellant.

James M. Bausch of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action for damages for personal injuries sustained by the plaintiff in a fall in a hospital owned and operated by the defendant City of Lincoln. The District Court sustained defendant's demurrer, overruled plaintiff's motion for new trial and rehearing, and the action was dismissed. Plaintiff has appealed.

This action was filed July 1, 1974. The amended petition alleged that plaintiff was a paying patient in Lincoln General Hospital on July 4, 1972. He was directed to use a shower room in the hospital on that date. Due to the alleged negligence of the hospital, its agents, and employees, the plaintiff slipped and fell and fractured his hip. The amended petition also alleged that the hospital was a purely business enterprise for profit operated by the city in competition with privately owned and operated hospitals. Plaintiff prayed for damages and costs.

The defendant demurred on the ground that the petition failed to state a cause of action and there was no showing that plaintiff had complied with the provisions of the Nebraska Political Subdivisions Tort Claims Act prior to the institution of the action. The District Court found that the action was a negligence action within the purview of the Nebraska Political Subdivisions Tort Claims Act, sections 23-2401 to 23-2420, R. R. S. 1943; and that the Lincoln General Hospital is owned and operated by the City of Lincoln, Nebraska, in a proprietary capacity. The court also found that the petition did not allege that notice of claim was ever filed as required by the act, and that plaintiff's brief admits that no such filing was ever made. The District Court also found that the Nebraska Political Subdivisions Tort Claims Act was a procedural enactment rather than one of substantive law; that the act was not unconstitu-

tional as special legislation; and that the classification of political subdivisions as a separate class was reasonable. The District Court also determined that the act does not violate the uniformity and equal protection provisions of either the United States or Nebraska Constitutions.

Plaintiff's basic position is that prior to the adoption of the tort claims act, the city was carrying out a proprietary rather than a governmental function in operating the hospital, and was subject to the same liability for negligence as a private or charitable hospital. Plaintiff contends that the defendant, in operating the hospital, was therefore in the same class and subject to the same statute of limitations as other private tort-feasors. The argument then goes that the tort claims act created a special class of tort-feasors and gave special privileges to municipal corporations conducting proprietary activities without any reasonable basis for the classification. The plaintiff also contends that the act does not meet constitutional requirements of uniformity and equal protection because it requires him to file a notice of claim within 1 year after the claim accrued and to begin suit within 2 years, while no notice is required and there is a 4-year statute of limitations for an identical cause of action against a hospital which is not owned and operated by a political subdivision.

A brief history of sovereign and charitable immunity in Nebraska may be appropriate. Prior to 1966, hospitals operated by nonprofit charitable corporations were immune from tort liability to patients under the doctrine of charitable immunity. Muller v. Nebraska Methodist Hospital, 160 Neb. 279, 70 N. W. 2d 86 (1955). The great majority of hospitals in Nebraska are of this category and were and are operated similarly to the Lincoln General Hospital involved here. Effective April 23, 1966, this court overruled former cases and abrogated the charitable immunity doctrine. We held that nonprofit charitable hospitals no longer were exempt from

tort liability to their patients. Myers v. Drozda, 180 Neb. 183, 141 N. W. 2d 852.

During a comparable time frame, the doctrine of sovereign immunity was in effect in Nebraska and extended to political subdivisions, including cities, as to all governmental functions. In an effort to avoid the adverse effects of the doctrine upon victims of negligence, this court, as did others, developed the concept over the years that a political subdivision or city which was negligent in carrying out an activity described as a proprietary function was held to be subject to the same duties and liabilities in tort "as are imposed on private corporations or individuals, who enjoy corresponding privileges." Updike v. City of Omaha, 87 Neb. 228, 127 N. W. 229 (1910).

In Brown v. City of Omaha, 183 Neb. 430, 160 N. W. 2d 805 (1968), this court held that even when engaged in governmental activities local public bodies were no longer immune from tort liability arising out of the ownership, use, and operation of motor vehicles. We announced a case-by-case approach to the issue of abrogation of the doctrine of sovereign immunity. In Johnson v. Municipal University of Omaha, 184 Neb. 512, 169 N. W. 2d 286 (June 20, 1969), this court extended its abrogation of the doctrine of sovereign immunity to tort liability arising out of a physical condition voluntarily created by a public body on its premises. On December 25, 1969, the Political Subdivisions Tort Claims Act became effective and applies to tort claims accruing on and after January 1, 1970.

The Legislature's declaration of purpose and intent contained in section 23-2401, R. R. S. 1943, states that no political subdivision was to be liable for and no suit was to be maintained against it on any tort claim except and only to the extent provided by the act. That section also provides: "The Legislature further declares that it is its intent and purpose through this enactment to provide uniform procedures for the bringing of tort

claims against all political subdivisions, whether engaging in governmental or proprietary functions, and that the procedures provided by this act shall be used to the exclusion of all others."

Section 23-2416, R. R. S. 1943, provides that every claim permitted under the act shall be forever barred unless within 1 year after such claim accrued the claim is made in writing to the governing body. It also provides that except as otherwise provided, all suits permitted by the act shall be forever barred unless begun within 2 years after such claim accrued. Extensions of time for both notice and suit as to minors, incompetents, and prisoners, in accordance with section 25-213, R. S. Supp., 1974, are incorporated by reference. Other extensions of time are provided for in certain circumstances.

Prior to Brown v. City of Omaha, *supra,* governmental activities of a political subdivision were immune from liability for torts, while activities which were judicially classified as proprietary in nature were not immune. With the exception of the cases carved out in Brown and Johnson, that situation existed at the time of the passage of the act. The act, however, waived the immunity from liability for both governmental and proprietary functions, with specified exceptions, and the procedures provided by the act apply to tort claims arising out of both governmental and proprietary activities.

The plaintiff basically contends that the act violates the uniformity clause of the Nebraska Constitution, Article III, section 18. That section provides in pertinent part: "The Legislature shall not pass local or special laws * * * Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever."

The general test of constitutionality with respect to prohibitions against special legislation is reasonableness of classification and uniformity of operation. County of Otoe v. State Board of Equalization & Assessment, 182

Neb. 621, 156 N. W. 2d 728. Classification is proper if the special class has some reasonable distinction from other subjects of a like general character, which distinction bears some reasonable relation to the legitimate objectives and purposes of the legislation. The question is always whether the things or persons classified by the act form by themselves a proper and legitimate class with reference to the purpose of the act. Gossman v. State Employees Retirement System, 177 Neb. 326, 129 N. W. 2d 97; Sandberg v. State, 188 Neb. 335, 196 N. W. 2d 501.

The tort claims act involved here specifically applies to torts which occur in the exercise of governmental as well as proprietary functions. As to tort claims arising out of governmental activities from which political subdivisions had previously been immune from liability, the act created a new right of action. As to those claims, the Legislature created the right of action and had absolute power to determine the conditions under which it must be brought. County Board of Platte County v. Breese, 171 Neb. 37, 105 N. W. 2d 478.

The plaintiff contends that the act is unreasonable and does not operate uniformly because it puts persons injured by governmental torts in a different class than those injured by private torts, and imposes special notice requirements and limitations of actions for claims against governmental subdivisions to which tort claims against private persons are not subject.

The act creates one single class of tort-feasors — all political subdivisions — which includes "villages, cities of all classes, counties, school districts, public power districts, and all other units of local government." The act applies equally and uniformly to all tort claims against a political subdivision. The fact that public agencies, generally speaking, differ from private persons or corporations in many respects is obvious. Under many circumstances that difference has been held to be sufficient in itself to afford a proper subject for

legislative classification. See Dias v. Eden Township Hospital Dist., 57 Cal. 2d 502, 20 Cal. Rptr. 630, 370 P. 2d 334. The court there said: "Likewise without merit is the contention that, since it is not necessary to file a claim before maintaining an action against a private nonprofit corporation operating a hospital for the use of the public, the statutory requirement that a claim must be filed before bringing an action against a hospital district constitutes an arbitrary and unreasonable discrimination. Public agencies, generally speaking afford a proper subject for legislative classification."

The taxpaying public has an interest in seeing that prompt and thorough investigation of claims is made where a political subdivision is involved. The public does not have such an interest as to claims against private persons or corporations. The taxpayers who provide the public treasury with funds have an interest in protecting that treasury from stale claims. That interest may well be intensified where the political subdivision has not been protected by insurance. It is clear under the act that while the procurement of insurance coverage is authorized, it is not required, and there are provisions for loans by the State Treasurer to a political subdivision in the event insufficient funds are available to pay awards or judgments under the act. The Nebraska Political Subdivisions Tort Claims Act, in creating a special class of tort-feasors consisting of all political subdivisions as defined, does not violate Article III, section 18, of the Nebraska Constitution. The classification of persons and corporations as created in the Nebraska Political Subdivisions Tort Claims Act constitutes a reasonable classification for the purposes of the act, operates uniformly upon all members of the class, and is not constitutionally defective.

The requirement of notice imposed by the act is a factor here only with respect to activities previously classified as proprietary. This court long ago held that the primary purpose of notice provisions in connection

with actions against political subdivisions was "to afford to the municipal authorities prompt notice of the accident and injury in order that an investigation may be made while the occurrence is still fresh and the municipal authorities placed in a position to intelligently consider the claim, allow it if deemed just, or in the alternative to adequately protect and defend the public interest." Bethscheider v. City of Hebron, 137 Neb. 909, 291 N. W. 684. See, also, Knapp v. City of Omaha, 172 Neb. 78, 108 N. W. 2d 419.

Other courts, under similar or related circumstances, have held that notice requirements as conditions precedent to suit against a municipal corporation are not unreasonable and unconstitutional, even though no notice is required in suits against private corporations for similar tort claims. See McCann v. City of Lake Wales, 144 S. 2d 505 (Fla., 1962). In Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N. W. 2d 205, the Minnesota Supreme Court said: "We cannot sustain plaintiff's argument that because the law includes no notice requirement in suits against private corporations, justice and fairness demand the same law apply in suits involving a municipality acting in a proprietary capacity. * * * '[T]he legislature is not, because of similarity of liability, precluded from making distinctions between municipalities and private corporations in respect to conditions precedent to suit.' "

Finally the plaintiff contends that the Legislature had no power to impose a notice requirement or shorten any statute of limitations with respect to a tort claim against a governmental subdivision engaged in a proprietary activity. Basically the contention is that the Legislature is powerless to alter a common law right. The law itself as a rule of conduct may be changed at the will or even at the whim of the Legislature unless prevented by constitutional limitations. Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77. The Constitution does not forbid the creation of new rights, nor the abolition of old ones

recognized by the common law, to attain a permissible legislative object. Silver v. Silver, 280 U. S. 117, 50 S. Ct. 57, 74 L. Ed. 221.

With respect to the shortening of a statute of limitations, this court said: "* * * The only restriction on the exercise of this power is that the Legislature cannot remove a bar or limitation which has already become complete, and that no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action before these claims are absolutely barred by a new enactment." Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc., 192 Neb. 431, 222 N. W. 2d 125.

Cases which have held notice requirements to be constitutionally defective in somewhat related circumstances have often rested on an unreasonably short period of time for notice or on the fact that time requirements for notice and commencement of suit provided no extensions for minors or other persons under disability. See Annotation, 59 A. L. R. 3d 93. The Nebraska act, on the other hand, provides for a 1-year notice limitation and that time period commences to run from the time the claim *accrued* rather than from the date of the injury. The Nebraska act also provides for a period of 2 years within which suit shall be brought, and grants extension of time for both notice and suit in the case of minors and others under mental disability. The practical advisability of providing a uniform procedure for all tort claims against political subdivisions is apparent and is specifically set out in the legislative declaration of purpose. To accept plaintiff's contentions would create different classes of political subdivision tort-feasors, victims, and procedures. It would seal in judicial concrete the outmoded and no longer valid distinctions between proprietary and governmental activities of political subdivisions in determining tort liability.

The notice of claim requirements of the Nebraska Political Subdivisions Tort Claims Act is a condition

precedent to the institution of suit against a political subdivision, and neither that notice requirement nor the limitation of time for suit as set out in section 23-2416, R. R. S. 1943, violate constitutional guaranties of equal protection or uniformity under state or federal Constitutions.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.