SHARON COLTON, M.D., APPELLANT, v. JOHN L. DEWEY, M.D., APPELLEE.

321 N.W.2d 913

Filed July 9, 1982. No. 44446.

Michael G. Goodman and Martin A. Cannon of Matthews, Cannon & Riedmann, P.C., for appellant.

John R. Douglas of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

William E. Gast and Thomas J. Jenkins of Gast & Kielty, and Paul F. Peters of Taylor, Hornstein & Peters, amici curiae.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal involves a medical malpractice case brought by Dr. Sharon Colton, appellant, against Dr. John L. Dewey, appellee. The District Court of Nebraska, Fourth Judicial District, in and for Douglas County, sustained the appellee's demurrer and dismissed appellant's petition. We affirm.

The petition alleges that from 1961 through 1965 the appellee treated Dr. Colton's chronic asthma by X-rays of, and injections of X-ray radiation particles into, her chest. The petition further alleges the treatments subjected appellant to "known hazards or [sic] resultant malignancy, were experimental in nature, and were not recognized among competent medical practitioners as having any usefulness in the treating of ailments such as plaintiff presented." Appellant further alleges that appellee affirmatively misrepresented the effect of the therapy upon her.

On October 29, 1979, during a routine physical examination, appellant was discovered to have breast cancer. She was required to undergo a bilateral

simple mastectomy and node excision in the right axilla. The suit from which this appeal arises was filed December 12, 1980.

Appellee contends this action is barred by Neb. Rev. Stat. § 25-222 (Reissue 1979), which provides: "Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided,* if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further,* that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action."

Appellant contends the 10-year period of repose does not apply; and, further, if it were to apply it is unconstitutional in that, first, it constitutes special legislation in violation of the Nebraska Constitution; second, it violates the equal protection clause of the U.S. Constitution and due process clause of the Nebraska Constitution; and third, it denies her the right of access to the courts guaranteed by the Nebraska Constitution.

We first address appellant's constitutional arguments. We have held that under the provisions of Neb. Const. art. I, § 16, and art. III, § 18, the Legislature may make a reasonable classification of persons for purposes of legislation concerning them, but

that the classification must rest upon real differences of situation and circumstances surrounding the members of the class, relative to the subject of legislation, which render the enactment appropriate. We have also held that the 2-year period of limitation contained in the statute under consideration rests upon valid distinctions between professional and other activities. *Taylor v. Karrer,* 196 Neb. 581, 244 N.W.2d 201 (1976). The classification of professionals being valid for the purpose of limiting the time within which suit may be brought, appellant's argument that the period of repose constitutes special legislation falls. It has long been the rule of this state that a statute of limitations is a statute of repose designed to prevent recovery on stale demands. *Spath v. Morrow,* 174 Neb. 38, 115 N.W.2d 581 (1962); *In re Estate of Anderson,* 148 Neb. 436, 27 N.W.2d 632 (1947).

To the extent appellant relies on the special legislation argument to support her claim that the period of repose violates the due process clause (art. I, § 3) of the Nebraska Constitution and equal protection clause (amend. XIV, § 1) of the U.S. Constitution, that claim too must fall for the reasons discussed above. Nor does due process demand an awareness of a right of action before a period of limitations may run against it. *Landgraff v. Wagner,* 26 Ariz. App. 49, 546 P.2d 26 (1976). We find no merit in appellant's due process and equal protection claims.

Likewise, we find no merit in her third constitutional argument. The requirement of Neb. Const. art. I, § 13, that all courts be open and every person have a remedy by due process of law for any injury to his person, does not mean that limits may not be imposed upon the time within which one must ask courts to act. See *Drainage District v. Chicago, B. & Q. R. Co.,* 96 Neb. 1, 146 N.W. 1055 (1914), holding a statute allowing a drainage district 2 years following ascertainment of just compensation by appraisers

within which to enter upon and appropriate land to be valid.

A review of the history leading to enactment of the period of repose is instructive. In *Spath v. Morrow, supra,* we held that an action for malpractice did not accrue until a patient discovered, or in the exercise of reasonable diligence should have discovered, the malpractice. Thereafter, the Legislature limited that period of discovery to 10 years. The question simply becomes one of whether the Legislature has the power to do so. It has long been the law of this state that the Legislature is free to create and abolish rights so long as no vested right is disturbed. *Campbell v. City of Lincoln,* 195 Neb. 703, 240 N.W.2d 339 (1976); *Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc.,* 192 Neb. 431, 222 N.W.2d 125 (1974); *State v. Heldenbrand,* 62 Neb. 136, 87 N.W. 25 (1901). In the words of the Supreme Court of New Jersey in *Rosenberg v. Town of North Bergen,* 61 N.J. 190, 199-200, 293 A.2d 662, 667 (1972), considering the same arguments as made by appellant in the instant case, which held a similar statute valid as applied to an architect: "It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed."

We find the enactment of the 10-year period of repose in question to have been a valid exercise of legislative power.

Having found the period of repose to be constitu-

tional, we must now address the question as to whether it applies to the allegations in this case. Appellant's argument that it does not rests on her claim that appellee had, by virtue of the fiduciary relationship which exists between a medical practitioner and the patient, a continuing duty to warn her of the hazards presented by the treatment. Therefore, according to appellant, the failure to warn her of the carcinogenic risk constituted ongoing negligence; that is to say, appellee failed to render the required professional service each and every day until such time as he would have warned her of the hazard. The difficulty with this argument is that appellant would have whatever fiduciary relationship may exist between physician and patient extend beyond the duration of the physician-patient connection itself. We disagree; the wrongful act of which appellant complains took place no later than when the course of treatment ended in 1965. See *Doyle v. Planned Parenthood of Seattle-King Cty.*, 31 Wash. App. 126, 639 P.2d 240 (1982), holding, under a "date of the alleged wrongful act" statute, that negligence did not continue beyond the existence of the physician-patient relationship. Indeed, to hold otherwise would be to effectively write the period of repose out of existence.

Remaining for consideration is whether appellant's allegation that appellee affirmatively misrepresented the effect of the treatment takes this case out of the professional negligence period of limitations as to that claim. Our earlier rulings establish that it does not. Perhaps most directly in point is *Stacey v. Pantano,* 177 Neb. 694, 131 N.W.2d 163 (1964), which held that the 2-year malpractice statute of limitations rather than the 4-year fraud statute of limitations applied where damages were alleged to have resulted from false representations of the physician as to the cause of a postoperative condition. Therein we stated that any professional mis-

conduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is "malpractice" and comes within the professional or malpractice statute of limitations. See, also, *Swassing v. Baum,* 195 Neb. 651, 240 N.W.2d 24 (1976).

The trial court was correct in sustaining appellee's demurrer and dismissing appellant's petition.

AFFIRMED.

WHITE, J., dissenting.

Assuming, as we must for the purposes of the demurrer, that all well-pleaded facts in the petition are true, the majority now holds that where life-threatening procedures are followed by a physician, no duty exists beyond the end of the treatment to inform the patient of the danger so that adequate steps might be taken to minimize the risk. The holding rewards unconscionable conduct and violates the most basic rules of public policy and common humanity.

I am authorized to state that Krivosha, C.J., joins in this dissent.