982 F.2d 275
 Bankr. L. Rep. P 75,040
James J. STUMPF, Trustee in Bankruptcy in the Matter of W.
Dale Snover; Mary A. Snover, doing business as
Dale Snover & Sons; W. Dale Snover, Appellants,
v.
S.J. ALBRACHT; Lathrop, Albracht & Lathrop, a partnership, Appellees.
 No. 92-1723.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 9, 1992.
Decided Dec. 14, 1992.
 
 William G. Line, Fremont, NE, argued, for appellants.
 John A. Rickerson, Omaha, NE, argued, for appellees.
 Before FAGG, BEAM, and HANSON, Circuit Judges.
 BEAM, Circuit Judge.
 
 
 1
 James J. Stumpf, the trustee in bankruptcy for W. Dale Snover and Mary A. Snover, appeals the district court's[1] grant of summary judgment in favor of S.J. Albracht and the partnership of Lathrop, Albracht & Lathrop. We affirm.
 
 I. BACKGROUND
 
 2
 In March of 1984, W. Dale Snover and Mary A. Snover ("Snovers") retained S.J. Albracht of the law firm Lathrop, Albracht & Lathrop to handle certain financial matters, and to file a bankruptcy petition. On September 25, 1984, Albracht filed a Chapter 11 petition on behalf of the Snovers, in the United States Bankruptcy Court for the District of Nebraska. Albracht terminated his legal services for the Snovers in October 1985. On July 20, 1988, both of the Snovers were indicted for knowing and fraudulent concealment of assets belonging to the bankruptcy estate under 18 U.S.C. § 152. They pleaded guilty to these criminal charges, and were each sentenced to terms of imprisonment. In addition, they were required to pay restitution to various creditors. The Snovers claim that Albracht advised them to pursue the course of action that resulted in their convictions.
 
 
 3
 On January 4, 1989, the trustee of the Snovers' bankruptcy estate filed suit against Albracht and the law firm of Lathrop, Albracht & Lathrop ("defendants") alleging that Albracht's advice to the Snovers constituted professional malpractice and fraud. The suit sought damages in the amount of the restitution order, and also sought damages for the Snovers' emotional distress. The district court granted the defendants' motion for summary judgment finding that the statute of limitations barred this suit. The trustee appeals this decision.
 
 II. DISCUSSION
 
 4
 The trustee raises two issues on appeal. First, he contends that the professional malpractice claim belongs to the trustee, rather than to the Snovers. Since the Snovers, acting on Albracht's advice, had concealed evidence of the malpractice from him, the trustee argues that the statute of limitations should be tolled in the interest of fairness. Second, the trustee alleges that the defendants' actions constitute fraud rather than malpractice. Therefore he argues that the four-year statute of limitations for fraud[2] applies, rather than the two-year statutes of limitations for professional malpractice.[3]
 
 
 5
 A. Trustee's Claim for Professional Negligence
 
 
 6
 Count I of the trustee's complaint alleges professional malpractice by Albracht. On appeal, he contends that the two-year statute of limitations for professional malpractice should not bar this claim because the Snovers and Albracht acted to conceal relevant information from him. The trustee did not argue in district court, however, that his ignorance of the claim for professional negligence could toll the statute of limitations. Therefore, he is barred from making this argument on appeal. Gardner v. Meyers, 491 F.2d 1184, 1190 (8th Cir.1974).
 
 
 7
 Even if we were to consider this argument on the merits, the trustee would not prevail. The trustee asserts that "[t]he statute of limitations cannot run against the trustee in the absence of a showing that he was aware of the acts of malpractice or facts putting him on notice that malpractice had occurred." Appellants' brief, at 7. The trustee cites no authority for this proposition, however, and our review uncovered no support for this position.
 
 
 8
 It is well settled that a trustee in bankruptcy stands in the shoes of the debtor, and succeeds to all the assets of the bankrupt estate. Pappas v. Sommer, 240 Neb. 609, 483 N.W.2d 146, 148 (1992). However, the existence of a bankruptcy cannot grant the trustee a cause of action against third parties which would have been unavailable to the debtor. See In re Dow, 132 B.R. 853, 859 (E.D.Ohio 1991) (trustee can succeed to no greater rights than the debtors themselves possess).
 
 
 9
 Albracht rendered legal services to the Snovers from March 1984 through October 1985. The district court found from the Snovers' deposition testimony that they discovered, or reasonably could have discovered, the present cause of action by March 1985. Stumpf v. Albracht, Memorandum Opinion at 5. (D.Neb. Feb. 25, 1991). Absent clear error, we must adopt the district court's factual finding on this matter. See McCook Equity Exch. v. Cooperative Servs. Co., 230 Neb. 758, 433 N.W.2d 509, 510 (1988) (the point at which the statute of limitations begins to run is a factual issue and the district court's decision will not be set aside unless clearly erroneous). Our reading of the depositions indicates that there was ample support in the record for this determination. Therefore, under either Neb.Rev.Stat. § 25-222 or § 25-208,[4] the two-year statute of limitations began to run against the Snovers in March of 1985.
 
 
 10
 The trustee's complaint was not filed until January 4, 1989, well after the two-year statute of limitations for professional negligence had expired. While the trustee may have been unaware of the alleged malpractice prior to that time, the relevant inquiry is whether the Snovers knew or reasonably could have known of the alleged malpractice. The district court found that by March 1985, the Snovers were aware of the alleged malpractice. Therefore, on January 4, 1989, the Snovers no longer had a cause of action for professional negligence, and the trustee must stand in their shoes. The fact that the trustee, rather than the Snovers, filed the case cannot revive an issue that is barred by the statute of limitations.
 
 B. Fraud
 
 11
 The trustee contends that Count IV of the complaint alleges a claim of fraud, rather than malpractice and therefore that the two-year professional malpractice statute of limitations does not apply. We disagree. In the decision below, the district court relied specifically on Stacey v. Pantano, 177 Neb. 694, 131 N.W.2d 163 (1964). In Stacey, the Nebraska Supreme Court rejected the contention that allegations of fraudulent representations could convert a claim of malpractice to a claim of fraud. Id. at 165. While Stacey involved a claim of medical malpractice, rather than legal malpractice, we find that the district court properly relied on this case. If parties were permitted to circumvent the statute of limitations via artful pleading, the statute of limitations would serve no purpose.
 
 
 12
 Under Nebraska law, the two-year statute of limitations applies whenever a professional is sued for an action performed in a professional capacity:
 
 
 13
 [A]ny professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is "malpractice" and comes within the professional or malpractice statute of limitations.
 
 
 14
 Colton v. Dewey, 212 Neb. 126, 321 N.W.2d 913, 917 (1982). The court has defined a "professional" act or service as " 'one arising out of a vocation, calling, occupation or employment involving specialized knowledge, labor, or skill, and [where] the labor or skill involved is predominantly mental or intellectual, rather than physical or manual.' " Olsen v. Richards, 232 Neb. 298, 440 N.W.2d 463, 464 (1989) (quoting Marx v. Hartford Acc. & Ind. Co., 183 Neb. 12, 157 N.W.2d 870, 871 (1968)).
 
 
 15
 Albracht is an attorney being sued in his professional capacity for legal advice he allegedly gave the Snovers while acting as their attorney. Under Nebraska law, this is a professional malpractice action. Accordingly, the suit is covered by the two-year statute of limitations. See Rosnick v. Marks, 218 Neb. 499, 357 N.W.2d 186 (1984) (failure to file attorney malpractice action within the statute of limitations resulted in dismissal of the action as time barred); Colton v. Dewey, 321 N.W.2d at 917 (serious medical misrepresentation does not take case out of the professional negligence statute of limitations).
 
 III. CONCLUSION
 
 16
 For the reasons discussed above, the decision of the district court is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska
 
 
 [2]
 Neb.Rev.Stat. § 25-207 provides in relevant part:
 The following actions can only be brought within four years: ... (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 30-2206 and 76-288 to 76-298.
 
 
 [3]
 Neb.Rev.Stat. § 25-222 provides:
 Actions on professional negligence. Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; Provided, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; and provided further, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional services which provides the basis for the cause of action.
 Neb.Rev.Stat. § 25-208 provides in part:
 The following actions can only be brought within the periods herein stated: ... [and] within two years, an action for malpractice which is not otherwise specifically limited by statute.
 
 
 [4]
 The district court found it unnecessary to decide which section specifically applied to this case. Stumpf v. S.J. Albracht, Memorandum Opinion at 5, n. 4, Appendix at A19. We agree